

Hope Pordy
Yvonne L. Brown
SPIVAK LIPTON LLP
1700 Broadway, 21st Floor
New York, New York 10019
Tel: (212) 765-2100
Fax: (212) 541-5429
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCISCO GUZMAN, RICARDO HERNANDEZ, ALBERTO PACHECO, OSCAR SEVILLA, and JORGE MEDINA,<br><br>               Plaintiffs,<br><br>-against-<br><br>LENNY'S 74TH STREET LLC, SEI HOON LENNY CHU, BRIAN CHU, ADRIAN LUNA, JUAN CUAUTLE,<br><br>               Defendants. | Case No.<br><br><br>COMPLAINT |

## NATURE OF THE ACTION

1.     This is an action for monetary, declaratory and injunctive relief to redress

violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended (hereinafter

"FLSA") and Articles 6 and 19 of the New York Labor Law, § 190 *et. seq.* and § 650 *et seq.* ("N.Y.

Lab. Law") and regulations promulgated thereunder.  Said violations arise from a) Defendants'

failure to pay Plaintiffs wages at the minimum hourly rate; b) Defendants' failure to pay Plaintiffs

overtime compensation at one and one-half times their regular rates of pay for time worked in

excess of forty hours per week; c) Defendants' failure to pay to Plaintiffs one hour's pay at the

minimum hourly rate, in addition to wages otherwise due to each Plaintiff, for each day of work in

1

which Plaintiffs' spread of hours exceeded ten; d) Defendants' failure to reimburse Plaintiffs for all expenses associated with the performance of their duties on behalf of Defendants, including, the purchase and maintenance of bicycles; e) Defendants' failure to reimburse Plaintiffs for the costs associated with purchasing and laundering uniforms required by Defendants; and f) Defendants' unlawful retention of a portion of Plaintiffs' catering gratuities.

## JURISDICTION AND VENUE

2.      Plaintiffs' causes of action arise under FLSA Section 16(b), 29 U.S.C. § 216(b), N.Y. Lab. Law §§ 198(1-a) and 663 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

3.      This Court has jurisdiction of Plaintiffs' federal cause of action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over Plaintiffs' state law causes of action pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to Plaintiffs' FLSA claims that they form parts of the same case or controversy under Article III of the United States Constitution.

4.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

### Defendants

6.      Defendant Lenny's 74th Street LLC (herein "Lenny's 74th Street") is a delicatessen located at 302 Columbus Avenue, New York, New York 10023.

7.     Upon information and belief, Lenny's 74th Street is a for-profit corporation incorporated in the State of New York.

8.     Upon information and belief, Lenny's 74th Street has principal executive offices at One Penn Plaza, Suite 4421, New York, New York, 10119.

9.     Upon information and belief, Lenny's 74th Street has conducted business under the trade name "Lenny's."

10.     The "Lenny's" web-site advertises for Lenny's 74th Street and other Lenny's locations and enables customers to order food on-line: http://www.lennysnyc.com/main.asp?page=1041

11.  ·   Upon information and belief, Defendant Sei Hoon Lenny Chu a/k/a Lenny and his brother Brian Chu are the owners and/or operators of Lenny's 74th Street.

12.     The Lenny's website states that Lenny and Brian "bought the store and transformed it into what became Lenny's at 84th Street & Columbus Avenue. . . . . Shortly thereafter Lenny and Brian opened a second Lenny's at 74th Street & Columbus Avenue. . ."

13.     Upon information and belief, at all relevant times, Defendant Sei Hoon Lenny Chu has been the Chairman and Chief Executive Officer of Lenny's 74th Street, or its parent organization.  He is sued individually in his capacity as an employer.

14.     Upon information and belief, at all times relevant to this action, Defendant Sei Hoon Lenny Chu had the power to control and to change terms and conditions of employment at Lenny's 74th Street, to maintain employment records and to determine the rate and method of compensation provided to employees of Lenny's 74th Street, including Plaintiffs.

15.     Upon information and belief, Defendant Brian Chu has overseen the operations at Lenny's 74th Street.  He is sued individually in his capacity as an employer.

16.     Upon information and belief, Defendant Brian Chu has had the power to control and to change terms and conditions of employment at Lenny's 74th Street, to maintain employment records and to determine the rate and method of compensation provided to employees of Lenny's 74th Street, including Plaintiffs.

17.     Upon information and belief, at all times relevant to this action, Defendant Adrian Luna has been a manager of Lenny's 74th Street.  He is sued individually in his capacity as an employer.

18.     Upon information and belief, at all times relevant to this action, Defendant Adrian Luna has had the power and authority to hire and fire Plaintiffs, to assign work to Plaintiffs, to determine Plaintiffs' work schedules, to maintain employment records and to determine the rate and method of payment of any compensation provided to Plaintiffs.

19.     Upon information and belief, Defendant Juan Cuautle was a manager of Lenny's 74th Street until in or about July 2010.  He is sued individually in his capacity as an employer.

20.     Upon information and belief, at all times relevant to this action until in or about July 2010, Defendant Juan Cuautle had the power and authority to hire and fire Plaintiffs, to assign work to Plaintiffs, to determine Plaintiffs' work schedules, to maintain employment records and to determine the rate and method of payment of any compensation provided to Plaintiffs.

21.     At all times relevant to this action, Defendant Lenny's 74th Street has been an enterprise engaged in commerce in that it (i) has had employees engaged in commerce or in the production of goods for commerce or who handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000 exclusive of excise taxes.  29 U.S.C. § 203(s)(1)(A).

4

## Plaintiffs

22.    Plaintiff Francisco Guzman has been employed at Lenny's 74th Street LLC continuously from in or about July 15, 2007 to the present.

23.    Plaintiff Ricardo Hernandez has been employed at Lenny's 74th Street LLC continuously from in or about May 25, 2006 to the present, except that he did not work at Lenny's 74th Street LLC for the period in or about March 20, 2009 until in or about the end of October 2009.

24.    Plaintiff Alberto Pacheco has been employed at Lenny's 74th Street LLC from on or about May 11, 2010 to the present.

25.    Plaintiff Oscar Sevilla has been employed at Lenny's 74th Street LLC from on or about March 20, 2009 to the present.

26.    Plaintiff Jorge Medina was employed at Lenny's 74th Street LLC from on or about September 16, 2009 until August 14, 2010.


## STATEMENT OF FACTS

27.    Lenny's 74th Street is a delicatessen that primarily sells bagels, sandwiches and salads.  Customers can eat at tables, order take-out or receive delivery.  Lenny's 74th Street also offers catering.

28.    At all times relevant to this action, Lenny's 74th Street was part of the "restaurant industry" within the meaning of New York Labor Law in that it was an eating and drinking establishment that prepares and offers food and beverages for human consumption on its premises and for take-out or delivery.  N.Y. Comp. Codes R. & Regs. tit. 12, § 137-3.1.

29.     At various times since May 2006, Defendants employed Plaintiffs to perform work at Lenny's 74th Street.

30.     On each day that Plaintiffs worked, Defendants assigned Plaintiffs to prepare and cook food, deliver food to customers, order supplies, receive and stock supplies, bus tables, and to do general cleaning, laundry, and garbage removal.

31.     At all times relevant to this action, Plaintiffs were employees within the meaning of FLSA Section 3, 29 U.S.C. § 203(e), and were employed by Defendants, within the meaning of FLSA Section 3, 29 U.S.C. § 203(g).

32.     At all times relevant to this action, Plaintiffs were also employees of and were employed by Defendants and permitted to work within the meaning of N.Y. Lab. Law §§ 190(2) and 651(5) and N.Y. Comp. Codes R. & Regs tit. 12, § 137-3.2.

33.     At all times relevant to this action, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of FLSA Sections 6 and 7.  29 U.S.C. §§ 206 and 207.

34.     At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. § 203(d), and N.Y. Lab. Law §§ 190(3) and 651(6).

35.     On each day that Plaintiffs worked, they regularly received tips when they delivered food to customers.

36.     On each day that Plaintiffs worked, they did not receive tips for any other assigned duties that they performed, including, but not limited to, preparing and cooking food, ordering supplies, receiving and stocking supplies, bussing tables, general cleaning, laundry, and garbage removal ("non-tipped duties").

37.     The non-tipped duties Plaintiffs performed were not related to or incidental to the delivery of food to customers.

38.     On each day that Plaintiffs worked, Plaintiffs spent a substantial amount of time, more than twenty percent, performing non-tipped duties.

39.     Upon information and belief, Defendants did not record the number of hours Plaintiffs delivered food to customers or the number of hours they performed non-tipped duties.

40.     At all times relevant to this action, Plaintiffs were scheduled to work six days per week.

41.     At times, Plaintiffs were scheduled to work 12 hours a day, or seventy-two hours per week.

42.     At times, Plaintiffs were scheduled to work 11 hours a day, or sixty-six hours per week.

43.     At times, Plaintiffs were scheduled to work 10 hours a day, or sixty hours per week.

44.     At all times relevant to this action, Defendants required Plaintiffs to complete assigned tasks whether or not they were able to do so within the hours they were scheduled to work.

45.     As a result, Plaintiffs regularly started work before their scheduled shift and/or Plaintiffs regularly continued to work after their scheduled shift.

46.     Plaintiffs regularly worked over ten hours per day even on days they were scheduled for ten-hour shifts.

47.     On each day that they worked, Plaintiffs punched or clocked in and out.

48.     Defendants allowed Plaintiffs to take only limited short breaks during the day despite long working hours.

7

49.     Upon information and belief, Defendants did not maintain records of Plaintiffs' breaks.

50.     Until in or about the first quarter of 2009, Defendants paid Plaintiffs a weekly sum in cash irrespective of the number of hours that they worked.  Defendants paid Plaintiffs between $275.00 and $300.00 per week.

51.     Beginning in or about the first quarter of 2009, Defendants gave Plaintiffs a weekly statement of wages reflecting the hours Plaintiffs purportedly worked and the tips Plaintiffs purportedly earned.

52.     The weekly statement of wages provided to Plaintiffs did not accurately reflect all of the time that Plaintiffs worked, before, after and during their shifts.

53.     Beginning in or about the first quarter of 2009, Defendants paid Plaintiffs per hour according to the weekly statement of wages:  Defendants paid Plaintiffs between $4.65 and $5.00 for straight time hours and between $6.98 and $7.50 for overtime hours, as reflected on the statement of wages.

54.     Defendants did not pay Plaintiffs for any of the time they worked that was not reflected on the weekly statement of wages.

55.     At all times relevant to this action, Defendants did not ask Plaintiffs how much they earned in tips.

56.     At all times relevant to this action, Defendants charged customers a 10% gratuity for catered meals that were delivered by Plaintiffs.

57.     Defendants regularly retained a portion of Plaintiffs' gratuities charged to customers for catered meals.

58.     As a condition of their employment, Defendants required Plaintiffs to purchase and maintain bicycles and accessories for use in making deliveries.

59.     Plaintiffs' use of bicycles to make deliveries inured to the benefit of Defendants.

60.     Defendants did not reimburse Plaintiffs for any expenses incurred in making deliveries by bicycle, including but not limited to the purchase of bicycles, locks and accessories, repair and maintenance.

61.     As a condition of their employment, Defendants required Plaintiffs to wear uniforms consisting of a t-shirt and hat with the "Lenny's" logo.

62.     Defendants required each Plaintiff to launder and replace all uniform items at his expense, and did not reimburse Plaintiffs for any expenses they incurred in purchasing or laundering uniforms.

63.     Defendants failed to inform Plaintiffs of the provisions of Section 3(m) of the FLSA, 9 U.S.C. § 203(m), or explain to Plaintiffs their method for calculating Plaintiffs' wages.

64.     Upon information and belief, Defendants did not maintain in a place accessible to employees and in a visually conspicuous manner a notice concerning minimum wage and overtime requirements until in or about the first quarter of 2009.  29 C.F.R. § 516.4; New York Labor Law § 680(3); N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.3.

65.     Upon information and belief, Defendants did not maintain in a place accessible to employees and in a visually conspicuous manner a notice concerning §§ 193 and 196-d of the New York Labor Law regarding prohibited deductions from wages.  N.Y. Lab. Law § 198-d.

66.     Upon information and belief, Defendants failed to keep full and accurate written records of Plaintiffs' hours and wages as required by FLSA § 211(c), 29 U.S.C. § 211(c), 29 C.F.R. 516.2, 516.28; N.Y. Lab. Law § 661 and N.Y. Comp. Codes R. & Regs. tit. 12 § 137-2.1.

9

67.    Defendants knowingly and intentionally engaged in the acts alleged herein.

## FIRST CAUSE OF ACTION (FLSA: MINIMUM WAGE)

68.    Plaintiffs repeat and incorporate herein Paragraphs 1- 67 above.

69.    At all times relevant to this action, Section 6 of the FLSA, 29 U.S.C. § 206, required employers to pay a minimum hourly wage.

70.    At all times relevant to this action, Defendants were not entitled to take a tip credit with respect to any of Plaintiffs' wages because they failed to inform Plaintiffs of the FLSA's requirements related to the tip credit and failed to advise Plaintiffs of the manner in which Defendants were calculating Plaintiffs' wages. 29 U.S.C. § 203(m), 29 C.F.R. § 516.4.

71.    At all times relevant to this action, Defendants were not entitled to take a tip credit with respect to Plaintiffs' wages because they assigned Plaintiffs duties incidental to their tip producing duties for more than 20% of Plaintiffs' shift and/or they assigned Plaintiffs non-tipped duties for a substantial portion of their shifts. 29 U.S.C. §203(m) and (t); 29 C.F.R. §§ 516.28, 531.56(e), 531.59; U.S. Department of Labor, Field Operations Handbook, Chapter 30, Section 30d00(e) (Dec. 9, 1988).

72.    Throughout their employment, Defendants failed to pay Plaintiffs the applicable minimum hourly wage for every hour in each week that Plaintiffs worked, in violation of Section 6 of the FLSA, 29 U.S.C. § 206.

73.    Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION (N.Y. LAB. LAW: MINIMUM WAGE)

74.    Plaintiffs repeat and incorporate herein Paragraphs 1-73 above.

10

75.    At all times relevant to this action, the New York Labor Law § 652 required employers in the restaurant industry to pay a minimum hourly wage.  N.Y. Comp. Codes R. & Regs tit. 12, § 137-1.2.

76.    At all times relevant to this action, Defendants were not entitled to the tip allowance with respect to any of Plaintiffs' wages because they failed to provide Plaintiffs with a statement of allowances claimed with every payment of wages.  12 N.Y.C.R.R. § 137-2.2.

77.    At all times relevant to this action, Defendants were not entitled to the tip allowance with respect to any of Plaintiffs' wages because Plaintiffs are not "service employees" within the meaning of 12 N.Y.C.R.R. § 137.3.3, in that each day that Plaintiffs worked Defendants assigned Plaintiffs to work in an occupation in which tips are not customarily received.  12 N.Y.C.R.R. § 137.3.3.

78.    Throughout their employment, Defendants failed to pay Plaintiffs the applicable minimum hourly wage for every hour in each week that Plaintiffs worked, in violation of N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs tit. 12, §§ 137-1.2.

79.    Said violations were willful within the meaning of N.Y. Lab. Law §§ 198.1-a and 663.

## THIRD CAUSE OF ACTION (FLSA: OVERTIME COMPENSATION)

80.    Plaintiffs repeat and incorporate herein Paragraphs 1- 79.

81.    Section 7 of the FLSA, 29 U.S.C. § 207(a), requires that employers pay employees overtime compensation at the rate of one and one-half times the regular rate of pay for each hour of work over forty hours a week.

82.     Throughout their employment, Plaintiffs regularly worked over sixty hours per week. Nonetheless, Defendants failed to pay Plaintiffs overtime compensation at the applicable overtime rate for every hour Plaintiffs worked in excess of forty hours, as required by Section 7 of the FLSA, 29 U.S.C. § 207 (a).

83.     Said violations were willful within the meaning of 29 U.S.C. § 255(a).

**FOURTH CAUSE OF ACTION (N.Y. LAB. LAW: OVERTIME COMPENSATION)**

84.     Plaintiffs repeat and incorporate herein Paragraphs 1-83 above.

85.     The New York Labor Law requires that employers in the restaurant industry pay employees overtime compensation at the rate of one and one-half times the regular rate of pay for each hour of work over forty hours in one work week.  N.Y. Lab. Law § 650 *et seq.*, N.Y. Comp. Codes R. & Regs tit. 12, § 137-1.3.

86.     Throughout their employment, Plaintiffs regularly worked over sixty hours per week.  Nonetheless, Defendants failed to pay Plaintiffs the overtime compensation at the applicable overtime rate for every hour Plaintiffs worked in excess of forty hours, as required by the New York Labor Law, N.Y. Lab. Law § 650 *et seq.* and N.Y. Comp. Codes R. & Regs tit. 12, § 137-1.3.

87.     Defendants' failure to pay Plaintiffs for overtime hours worked at the appropriate rate of pay was not in good faith within the meaning of N.Y. Lab. Law §§ 198.1-a and 663.

**FIFTH CAUSE OF ACTION (N.Y. LAB. LAW: SPREAD OF HOURS PAY)**

88.     Plaintiffs repeat and incorporate herein Paragraphs 1-87 above.

89.     Title N.Y. Comp. Codes R. & Regs tit. 12, § 137-1.7 requires an employer in the restaurant industry to pay to each employee an extra hour's pay at the basic minimum hourly wage

12

rate, in addition to the minimum wages otherwise required, for each day of work in which that employee's "spread of hours" exceeds ten. "Spread of hours" is the interval between the beginning and end of an employee's workday. N.Y. Comp. Codes R. & Regs tit. 12, § 137-3.11.

90.     Throughout their employment, Plaintiffs regularly worked a "spread of hours" greater than 10 hours per day. Nonetheless, Defendants failed to pay Plaintiffs spread of hours pay at the minimum hourly wage rate for every day in which the interval between Plaintiffs' start and end times exceeded ten hours, in violation of N.Y. Comp. Codes R. & Regs tit. 12, § 137-1.6.

91.     Defendants' failure to pay spread of hours pay was not in good faith within the meaning of N.Y. Lab. Law §§ 198.1-a and 663.

## SIXTH CAUSE OF ACTION: (FLSA: UNLAWFUL KICKBACKS)

92.     Plaintiffs repeat and incorporate herein Paragraphs 1-91 above.

93.     The regulations promulgated under the FLSA provide that wages cannot be considered to have been paid unless they are paid finally and unconditionally and without a direct or indirect "kickback" to the employer. 29 U.S.C. § 201 *et seq.*; 29 C.F.R. § 531.35.

94.     In requiring Plaintiffs to purchase and maintain bicycles, to purchase and launder uniforms, and to share catering tips with managers, Defendants took prohibited "kickbacks" and further reduced Plaintiffs' wages below the minimum hourly wage in violation of the FLSA, 29 U.S.C. §§ 206(a) and applicable regulations. 29 C.F.R. § 531.35.

95.     Said violations were willful within the meaning of 29 U.S.C. § 255(a).

## SEVENTH CAUSE OF ACTION:
## (N.Y. LAB. LAW: IMPROPER DEDUCTIONS AND CHARGES)

96.     Plaintiffs repeat and incorporate herein Paragraphs 1-95 above.

97.     New York Labor Law § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law or those made for the benefit of the employee which are expressly authorized in writing by the employee.  N.Y. Lab. Law § 193(1).

98.     New York Labor Law § 193(2) prohibits employers from making any charge against an employee's wages or requiring an employee to make any payment by separate transaction, unless such payment is a permitted deduction pursuant to § 193(1).  N.Y. Lab. Law §§ 193(2).

99.     In requiring Plaintiffs to purchase and maintain bicycles as a condition of employment, Defendants violated New York Labor Law §§ 193 and 198-b, and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.5, and further reduced Plaintiffs' compensation below the applicable minimum hourly wage in violation of N. Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, §§ 137-1.1 and 137-1.2.

100.    Said violations were not in good faith within the meaning of N.Y. Lab. Law §§ 198.1-a and 663.

**EIGHTH CAUSE OF ACTION: (N.Y. LABOR LAW: UNIFORMS)**

101.    Plaintiffs repeat and incorporate herein Paragraphs 1-100 above.

102.    N. Y. Comp. Codes R. & Regs. tit. 12, §§ 137-1.8 requires an employer in the restaurant industry to reimburse employees for the costs incurred in furnishing required uniforms and to pay employees a set amount per week for each week the employer fails to launder uniform items, which the employer requires to be cleaned.

103.    Throughout the entire period of each Plaintiff's employment, Defendants failed to launder uniform items it required Plaintiffs to wear while on duty.  Throughout the entire period of

14

each Plaintiff's employment, Defendants failed to reimburse Plaintiffs for the costs of furnishing and laundering uniform items.

104.    In requiring Plaintiffs to furnish and launder uniforms, Defendants violated N.Y. Comp. Codes R. & Regs. tit. 12, §§ 137-1.8 and further reduced Plaintiffs' compensation below the applicable minimum hourly wage in violation of N. Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, §§137.8.

105.    Said violations were willful within the meaning of N.Y. Lab. Law §§ 198.1-a and 663.

## NINTH CAUSE OF ACTION: (N.Y. LABOR LAW: GRATUITIES)

106.    Plaintiffs repeat and incorporate herein Paragraphs 1- 105 above.

107.    New York Labor Law § 196-d prohibits an employer from demanding or accepting, directly or indirectly, any part of the gratuities, received by an employee, or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee.

108.    Defendants unlawfully retained part of Plaintiffs' gratuities, including catering charges purported to be gratuities, in violation of New York Labor Law § 196-d.

109.    In retaining portions of Plaintiffs' gratuities, Defendants further reduced Plaintiffs' compensation below the applicable minimum hourly wage in violation of N. Y. Lab. Law § 652.

110.    Said violations were not in good faith within the meaning of N.Y. Lab. Law §§ 198.1-a and 663.

## TOLLING OF STATUTE OF LIMITATIONS

111.    On the grounds of equitable tolling, the statute of limitations for minimum wage and overtime claims asserted by Ricardo Hernandez should be tolled until he first became

sufficiently aware of his right to receive minimum wage and overtime under the FLSA in or about the first quarter of 2009.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request the following relief:

(1)     A judgment declaring that each Defendant's conduct complained of herein violated Plaintiffs' rights guaranteed by the FLSA, New York Minimum Wage Act and New York Labor Law and associated regulations;

(2)     A judgment for Plaintiffs and against Defendants jointly and severally for compensation for unpaid minimum wage and overtime due each Plaintiff under Sections 6 and 7 of the FLSA and an additional equal amount as liquidated damages;

(3)     A judgment for Plaintiffs and against Defendants jointly and severally for compensation for unpaid minimum wage and overtime due each Plaintiff under the New York Labor Law, and an additional amount as liquidated damages, equal to 25% of the total monies due each Plaintiff;

(4)     A judgment for Plaintiffs and against Defendants jointly and severally for unlawful deductions, kickbacks and gratuities taken by Defendants, and compensation for the cost of furnishing and laundering uniforms, and an additional amount as liquidated damages;

(5)     A judgment for Plaintiffs and against Defendants jointly and severally for failure to pay spread of hours pay, and an additional amount as liquidated damages;

(6)     A judgment for Plaintiffs and against Defendants jointly and severally for attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and N.Y. Labor Law §§

16

198 and 663;

(7)     Pre-judgment and post-judgment interest;

(8)     Such other and further relief that the Court deems just and proper.

Dated: New York, New York
      November ____ , 2010

                                   Respectfully submitted,

                                   Yvonne L. Brown (YB 3522)
                                   ybrown@spivaklipton.com
                                   Hope Pordy (HP 6253)
                                   hpordy@spivaklipton.com
                                   SPIVAK LIPTON LLP
                                   1700 Broadway, 21st Floor
                                   New York, New York 10019
                                   Tel: (212) 765-2100
                                   Fax: (212) 765-8954
                                   *Attorneys For Plaintiffs*