*Buchwald, J.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO GUZMAN, RICARDO
HERNANDEZ, ALBERTO PACHECO, OSCAR
SEVILLA, and JORGE MEDINA,

                              Plaintiffs,

          -against-

LENNY'S 74TH STREET LLC, SEI HOON
LENNY CHU, BRIAN CHU, ADRIAN LUNA,
JUAN CUAUTLE,

                              Defendants.

Case No. 10-CV-08290 (NRB)

## STIPULATION AND ORDER OF DISMISSAL

This Court, having considered and inspected the Negotiated Settlement Agreement between the Parties in the above-captioned action, IT IS HEREBY ORDERED that: (1) the settlement is approved; and (2) the above captioned action is hereby dismissed in its entirety, with prejudice.

SPIVAK LIPTON LLP
*Attorneys for Plaintiffs*
1700 Broadway, 21st Floor
New York, New York 10019
(212) 765-2100

By: _____
Hope Pordy
Yvonne L. Brown

JACKSON LEWIS LLP
*Attorneys for Defendants*
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

By: _____
Felice B. Ekelman
Jason A. Zoldessy

Dated: _____

Dated: 1/10/12

SO ORDERED on this 7th day of January March, 2012

_____
Hon. Naomi Reice Buchwald
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO GUZMAN, RICARDO
HERNANDEZ, ALBERTO PACHECO, OSCAR
SEVILLA, and JORGE MEDINA,

                                        Plaintiffs,

                                                          Case No. 10-CV-08290 (NRB)

        -against-

LENNY'S 74TH STREET LLC, SEI HOON
LENNY CHU, BRIAN CHU, ADRIAN LUNA,
JUAN CUAUTLE,

                                        Defendants.

## NEGOTIATED SETTLEMENT AGREEMENT

        WHEREAS, Plaintiffs Francisco Guzman, Ricardo Hernandez, Alberto Pacheco,

Oscar Sevilla and Jorge Medina (collectively referred to herein as "Plaintiffs"), and Lenny's 74

Street LLC ("Lenny's 74"), Sei Hoon Lenny Chu, Brian Chu, Adrian Luna and Juan Cuautle

(collectively referred to herein as "Defendants") desire to resolve, settle and agree to dismissal

with prejudice of all claims and all issues raised in or by Plaintiffs' Complaint and First

Amended Complaint, Civil Action No. 10 CV 8290, without further litigation or adjudication;

        WHEREAS, Plaintiffs and Defendants (Plaintiffs and Defendants are collectively

referred to herein as "the Parties") understand and agree that Defendants (which includes, but is

not limited to, Lenny's 74, any present or former parent corporation[s], subsidiaries, divisions,

affiliated entities, acquiring entities, purchasers of assets or stock, investors, joint ventures,

shareholders, members, successors, counsel, assigns, administrators, executors, owners, officers,

partners, directors, agents, representatives or employees thereof, who hereinafter are all

collectively referred to throughout this Agreement as "Defendants"), deny each and every

allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, in any administrative charge and in any other document or statement whatsoever;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein, shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with federal, state or local statute, order, regulation or ordinance, public policy, tort (whether intentional, negligent or otherwise), contract (whether oral or written, express or implied), common law, Defendants' policies, practices or procedures or of any other wrongdoing whatsoever; and,

WHEREAS, this action shall be dismissed in its entirety and with prejudice by the Court subject to the terms of the instant Negotiated Settlement Agreement ("Agreement"):

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1. **Plaintiffs' Commitments.** In exchange for the promises and timely payments made by Defendants in paragraph "4" below, Plaintiffs agree as follows:

(a) Upon the full execution of this document, Plaintiffs' counsel will provide Defendants' counsel with an executed Stipulation and Order of Dismissal appended hereto as Exhibit "B", and any other documents needed to settle, dismiss and withdraw, with prejudice, any and all complaints, suits, actions, charges, claims or proceedings against Defendants relative to any cause or matter existing as of the date of the execution of this Agreement. The Stipulation and Order of Dismissal shall thereafter be entered upon presentation thereof by Defendants or by any other entity to any court of competent jurisdiction or any agency or other forum upon any claim made by, relating to or in behalf of Plaintiffs. In the event that, for any reason, any

2

complaint, suit, action, charge, claim or proceeding relative to any cause or matter settled or waived pursuant to Paragraph 3 of this Agreement is not wholly and finally dismissed with prejudice: (i) Plaintiffs authorize Defendants to take all actions needed to obtain dismissal thereof; and (ii) Plaintiffs shall not obtain or accept any recovery or relief from any such proceeding;

(b) Except to enforce the terms of this Agreement, Plaintiffs shall not institute, be represented in or participate in any claim arising from Plaintiffs' employment or termination therefrom up to and including the date of the execution of the instant Agreement, and agree not to accept any relief or recovery from or against Defendants for the same. In the event any class or collective action is brought against Defendants concerning a matter settled or waived pursuant to this Agreement, which includes or may include Plaintiffs, Plaintiffs immediately shall withdraw therefrom without obtaining or accepting any relief or recovery upon Plaintiffs' learning of Plaintiffs' inclusion, or will be in breach hereof; and,

(c) Nothing stated in this Agreement bars Plaintiffs from participating in any proceeding by or before the Equal Employment Opportunity Commission or other governmental agency to the extent permitted by law, but Plaintiffs cannot recover any relief or other remedy from that or any other proceeding related to any cause or matter settled or waived pursuant to paragraph 3 of this Agreement.

(d) Nothing herein shall preclude Francisco Guzman and Ricardo Hernandez from receiving monetary payments in connection with a settlement reached between Lenny's 74 and the New York State Department of Labor.

3

### 2. No Further Employment.

Plaintiffs, who are no longer employed by Lenny's 74, hereby waive any right that they may have to return to their former employment and/or to apply for employment at any time with Lenny's 74, any other Lenny's stores/delis and any other entities identified now or in the future on the Lenny's website or any future Lenny's website.

### 3. General and Mutual Release of Claims.

(a) In consideration of the timely payments made pursuant to this agreement, Plaintiffs knowingly and voluntarily release and forever discharge Defendants of and from any and all claims arising up to and as of the date of this Agreement, both known and unknown, which Plaintiffs have or may have against Defendants, including, but not limited to, any alleged violation of: the Fair Labor Standards Act, 29 U.S.C. §201 et seq.; Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1991, Pub. L. No. 102-166, Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988; the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.; the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.; the Consolidated Omnibus Budget Reconciliation Act of 1985, I.R.C. § 4980B; the Immigration Reform and Control Act, as amended; the Workers Adjustment Retraining Notification Act, as amended; the New York Minimum Wage Law and all wage orders; the New York Wage and Wage Payment laws, including Sections 190 et seq. of the Labor Law; the New York City Human Rights Law, N.Y.C. Admin. Code §8-107 et seq.; the New York State Human Rights

Law, New York Executive Law § 290 et seq.; the New York Civil Rights Law, New York Civil Rights Law § 1 et seq.; Article 6 of the New York Labor Law, New York Labor Law § 190 et seq.; the New York Whistleblower Law, New York Labor Law § 740 et seq.; the New York Legal Activities Law; New York Labor Law § 201-d; the New York occupational safety and health laws; the New York Fair Credit Reporting Act; any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions or ordinances; any public policy, contract (whether oral or written, express or implied) or tort laws; any claim arising under the common law; any other claim for employment discrimination, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Releasees, based upon any conduct occurring up to and including the date of the complete execution of this Agreement.

(b) In consideration of the withdrawal of this action with prejudice and other obligations set forth hereunder, Defendants knowingly and voluntarily release and forever discharge Plaintiffs of and from any and all claims arising up to and as of the date of this Agreement, both known and unknown, which Defendants have or may have against Plaintiffs.

4. **Consideration.**

(a) In exchange for the promises made herein by Plaintiffs, including the general waiver and release of claims, Defendants agree to pay the total sum of Two Hundred Thousand Dollars and No Cents ($200,000.00) ("the Settlement Sum");

(b) The Settlement Sum shall be apportioned among Plaintiffs and Plaintiffs' counsel in accordance with the Schedule appended hereto as Exhibit "A".

(c) For tax purposes, 40% of payments to Plaintiffs made in accordance with the Schedule appended hereto as Exhibit "A" shall be treated as back wages and subject to Form W-2 reporting and 60% of such payments shall be treated as federal and state liquidated damages and prejudgment interest and subject to Form 1099 reporting. As a condition of receipt of the Settlement Sum, each Plaintiff shall provide Defendants with an executed form W-4 or W-9, whichever is appropriate. If any Plaintiff does not provide a Social Security Number or Tax Identification Number, such Plaintiff agrees to provide Defendants with an affidavit acknowledging his obligation to apply for a Social Security Number or Tax Identification Number before the end of calendar year 2011.

(d) The Settlement Sum shall be paid in eight (8) installments. The first installment shall be in the amount of Twenty Four Thousand One Hundred Dollars and Ninety Cents ($24,100.90) and shall be made (i) within thirty (30) days of the date on which the Court has approved the terms of this Negotiated Settlement Agreement and entered the Stipulation and Order of Dismissal appended hereto as Exhibit "B" and (ii) after each Plaintiff has provided an executed form W-4 or W-9 or, alternatively, an affidavit acknowledging his obligation to apply for a Social Security Number or Tax Identification Number before the end of calendar year 2011. Thereafter, the remaining seven (7) payments shall be made in accordance with the payment schedule set forth in Exhibit A, which provides for specific sums paid to the Plaintiffs on a quarterly basis as well payments to Spivak Lipton LLP for attorney fees and costs. In the event that the Court does not approve the Settlement until or after December 22, 2011, the first and second installment payments shall nonetheless be paid on or before January 22, 2012, with each subsequent payment made three months thereafter (provided that the prerequisites set forth above for payment of the first installment have occurred).

(e) The payments for Plaintiffs Francisco Guzman, Ricardo Hernandez, Alberto Pacheco, and Oscar Sevilla shall be sent to Spivak Lipton LLP in checks made payable to Plaintiffs in accordance with the Schedule appended hereto as Exhibit "A". Spivak Lipton LLP shall be responsible for distribution of said checks. The payments to Spivak Lipton LLP for attorneys fees and costs shall be made payable to "Spivak Lipton LLP" and delivered in accordance with the payment Schedule in Exhibit "A". The payments for Plaintiff Jorge Medina shall be made by Defendants by wire transfer to a bank account in Jorge Medina's name to be identified. Mr. Medina agrees to provide Defendants with any account and other information needed to effectuate such payments, which shall be made in U.S. Dollars. Defendants' obligations to make such wire transfers to Mr. Medina shall be deemed satisfied once the transfers are authorized by Defendants, and Defendants shall not be held responsible for any delay in processing the transfers that occurs thereafter (including, but not limited to, any delay in Mr. Medina receiving the payments). Mr. Medina authorizes the deduction of any fees and administrative charges associated with such wire transfer from the amounts payable to him.

### 5. No Other Entitlement.

(a) Plaintiffs have neither filed nor caused to be filed any claim against Defendants in any forum, except the instant lawsuit and those matters investigated by the New York State Department of Labor on behalf of Plaintiffs Francisco Guzman and Ricardo Hernandez;

(b) Plaintiffs furthermore affirm that they have no known workplace injuries or occupational diseases for which a claim for workers' compensation benefits could be made or an award of benefits could be issued and have not been denied any leave requested, whether paid or unpaid, under the Family and Medical Leave Act, or any other law.

7

6.  **Execution.**    The terms of this Agreement are the product of mutual negotiation and compromise between the Parties.  The Agreement is to be construed as if the Parties had drafted it jointly, as opposed to being construed against a party because it was responsible for drafting one or more provisions of this Agreement.  Plaintiffs are represented by counsel of their choosing and certify that they are satisfied with the advice and services of their counsel, Hope Pordy, Esq. and Yvonne L. Brown, Esq.  The meaning, effect and terms of this Settlement have been fully explained to Plaintiffs by their counsel, Hope Pordy, Esq. and Yvonne L. Brown, Esq. and have been translated into Spanish if necessary.  Plaintiffs hereby affirm that they fully understand that this Agreement settles, bars and waives any and all claims that they could possibly have against Defendants under the Fair Labor Standards Act or the New York Labor Law through the date of the execution of this Agreement.

7.  **Non-Admission of Wrongdoing.**    The Parties agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed, at any time or for any purpose, as an admission by Defendants of any liability or unlawful conduct of any kind.

8.  **Severability and Modification.**  Should any provision of this Agreement or the attachments hereto be declared illegal or unenforceable by any court, administrative agency or other entity, and should such provision not be susceptible to interpretation or modification to be enforceable (which the Parties authorize said court, administrative agency or other entity to do), such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the general release contained herein were limited or held to be null and void, Plaintiffs shall execute additional or supplemental general release agreements waiving any and all claims that they may have.  However, if the confidentiality provisions

8

contained in paragraph "13" are deemed illegal or unenforceable by any court, administrative agency or other entity, this Agreement shall be deemed null and void.

   9. **Section Headings.** Section headings are used herein for convenience of reference only and do not affect the meaning of any provision of this Agreement.

   10. **Entire Agreement.** This Agreement (which incorporates as covenants the representations and clauses in the introductory "Whereas" clause), and includes the terms of the Schedule attached hereto as Exhibit "A" and the Stipulation and Order of Dismissal attached hereto as Exhibit "B," which are expressly incorporated herein, represents the complete understanding between the Parties and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a full and general release of all actual or potential claims, whether known or unknown. No other promises or agreements shall be binding or shall modify this Agreement. This Agreement can be modified only by a written document, signed by the Parties or their legally designated representative, which recites the specific intent to modify this Agreement or as provided in paragraph "8" above.

   11. **Tax Liability.** Plaintiffs acknowledge that they bear the responsibility to pay all taxes on the settlement payments described in Exhibit A for which there are no withholdings. Defendants hereby request that Plaintiffs provide Social Security Numbers or Tax Identification numbers to Defendants for each individual receiving a payment hereunder. Lenny's 74 shall issue Plaintiffs IRS Forms W-2 and 1099 with respect to the payments set forth in Exhibit "A" after the end of the calendar year in which the payments are made. Lenny's 74 shall issue Plaintiffs' counsel an IRS Form 1099 with respect to the payment to Spivak Lipton LLP and IRS Forms 1099 to Plaintiffs reflecting their pro rata share of the payment made to Spivak Lipton LLP after the end of the calendar year in which the payment is made.

12. **Capability to Waive Claims.** Plaintiffs expressly represent that Plaintiffs are able to effect a knowing and voluntary waiver and general release of claims, as set forth in Paragraph 3 herein, and to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiffs are competent to execute this Agreement and to waive any claims settled or waived pursuant to this Agreement. Plaintiffs certify that they are not a party to any bankruptcy or other proceeding which would impair their right to settle this case and to waive all claims they may have against Defendants.

13. **Confidentiality.**

(a) The Parties shall not, except as compelled by law, a court or government entity, publicize or disclose to any person any term of this Agreement. This covenant of confidentiality includes, but is not limited to, the terms of this Agreement and Plaintiffs' receipt of the payments hereunder. Other than as required by law, a court or governmental agency, no disclosure will be made to anyone by the Parties other than to discuss the terms hereof with their partners/spouses, immediate family members (provided such immediate family members are not current or former employees of Lenny's 74 or any other Lenny's store/deli), attorneys or tax advisors (all of whom must first agree not to make any disclosure that the Parties themselves could not make). Defendants also may disclose the terms of this Agreement to third-parties as business needs require. Upon receipt of any inquiry regarding this proceeding, the Parties, or any representative thereof, shall state only that it has been resolved to the satisfaction of the Parties unless otherwise required by law. This subparagraph shall not apply to disclosures made to the Court in the instant lawsuit for the purpose of obtaining Court approval of the settlement.

(b) The Parties confirm that in accordance with subparagraph (a) above, as of this date of execution hereof, they have maintained confidentiality concerning the substance of the

10

Parties' settlement and the amounts to be paid under this Agreement. Plaintiffs also confirm that, as of the date of execution hereof, they have not contacted any department or agency regarding any potential or alleged violations of any law, rule or regulation by Defendants except to the extent any such communications have taken place between Plaintiffs Francisco Guzman and Ricardo Hernandez in connection with the New York State Department of Labor investigation.

(c) The Parties understand and agree that violation of this covenant of confidentiality will constitute a material breach of this Agreement. Any party alleging a breach of this covenant of confidentiality may seek any and all appropriate and available relief under law by bringing an action in the appropriate court for a determination as to whether an alleged material breach has actually occurred. In the event of any such alleged violation by any Party, no further monetary payments will be owed to any such Plaintiff alleged to have breached this covenant of confidentiality, until a final determination by the court.

(d) Notwithstanding the aforementioned provision, nothing herein shall preclude the Parties from divulging any information to any agency of the federal, state or local government or court pursuant to court order and/or subpoena, for which appearance Plaintiffs may receive any fees allowed by law. Plaintiffs agree to notify Lenny's 74 within ten (10) business days if they are compelled by subpoena or court order, or otherwise contacted by any third parties, to appear and testify concerning matters encompassed by this Agreement. Plaintiffs also agree that they will not contest Defendants' standing to move to quash any such subpoena.

### 14. Non Disparagement.

(a) Plaintiffs agree that they will not make any disparaging statements about Lenny's 74th Street and/or other Lenny's stores/delis, Lenny's 74's owners, officers and

11

directors, and/or the individual Defendants. The term "disparaging" includes, without limitation, comments or statements to the press or any other individual or entity which could adversely affect the conduct of Defendants' business or the reputation or interests of Defendants or that of any other Lenny's stores/delis.

(b) The individual Defendants agree that they will not make any disparaging statements about Plaintiffs, individually and/or collectively, including but not limited to any comments or statements which could adversely affect their reputation in the community and/or any future employment. The individual Defendants also agree not to discuss this litigation with prospective employers of Plaintiffs, and that Defendant Lenny's 74 shall provide upon request by prospective employers, a neutral reference letter (indicating dates of employment and position). Plaintiffs shall direct any prospective employers to direct such requests to Lenny's 74's Director of Human Resources at 183 Madison Avenue, Suite 901, New York, NY 10016.

15. **Return of Property.**   As of the date of the final payment under this Agreement, Plaintiffs affirm that they and their counsel, Spivak Lipton LLP, shall return all of Defendants' property in their possession to Defendants' counsel, including any documents and materials produced in this action pursuant to Federal Rule of Evidence 408 including all copies thereof, or upon mutual agreement, Plaintiffs and Plaintiffs' counsel shall certify to Defendants' counsel that all such property has been destroyed.  Until such time, the documents shall not be used for any other purpose other than for the litigation of this matter (i.e. in the event of default by Defendants or if the Agreement is not approved by the Court).

16. **Default or Late Payment.**

(a) In the event Defendants fail to make the payments provided for herein, Plaintiffs shall provide Defendants with a note of default and provide a reasonable time to cure,

12

which shall be 10 business days. Should Defendants fail to cure, Defendants shall pay Plaintiffs' reasonable attorneys' fees and costs associated with enforcement, plus interest, unless the failure to pay is due to a breach of paragraph "13" by a Plaintiff as provided above.

(b) Should Defendants withhold payment to any Plaintiff pursuant to paragraph "13", and Plaintiff pursues litigation to recoup such payment, in any such ligation, the prevailing party shall be entitled to an award of reasonable attorney's fees and costs associated with such litigation.

17. **Procedure.** After the Negotiated Settlement Agreement and the Stipulation and Order of Dismissal attached hereto as Exhibit "B" are fully executed by the Parties and their counsel, and the expiration of the seven (7) day revocation period set forth herein, the Parties will jointly submit the Negotiated Settlement Agreement and Stipulation and Order of Dismissal to the Court for the Court's consideration and approval via letter or other means, with a request that the Agreement remain confidential and does not become part of the Court's docket.

18. **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts.

**PLAINTIFFS ARE HEREBY ADVISED IN WRITING THAT THEY ARE AFFORDED TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH THEIR ATTORNEYS, HOPE PORDY, ESQ. AND YVONNE L. BROWN, ESQ., PRIOR TO EXECUTION OF THIS AGREEMENT, WHICH THEY AGREE THAT THEY HAVE DONE.**

**PLAINTIFF PACHECO MAY REVOKE THIS AGREEMENT FOR A PERIOD OF**

SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY HE SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO FELICE B. EKELMAN, ESQ., JACKSON LEWIS LLP, 666 THIRD AVENUE, NEW YORK, NY 10017, AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR NEGOTIATED SETTLEMENT AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO MS. EKELMAN OR HER DESIGNEE, OR MAILED TO MS. EKELMAN AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER PLAINTIFFS SIGN THIS AGREEMENT.

PLAINTIFFS AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION SET FORTH IN THIS AGREEMENT, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH THEIR ATTORNEYS, HOPE PORDY, ESQ. AND YVONNE L. BROWN, ESQ., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.

PLAINTIFFS:

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME AND TRANSLATED INTO SPANISH, IF NECESSARY.

YO AFIRMO QUE ME HAN EXPLICADO EL SIGNIFICADO, EFECTO Y LOS TERMINOS DE ESTE ACUERDO Y, SI ES NECESARIO, LOS MISMOS HAN SIDO TRADUCIDOS EN ESPANOL.

DATED: 09-12_____, 2011          By: _____
                                      FRANCISCO GUZMAN


STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )


        On the ___ day of December in the year 2011 before me, the undersigned personally appeared Francisco Guzman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment


HOPE A. PORDY
Notary Public, State of New York
No. 02PO6227216
Qualified in New York County
Commission Expires Aug. 30, 2014

15

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME AND TRANSLATED INTO SPANISH, IF NECESSARY.

YO AFIRMO QUE ME HAN EXPLICADO EL SIGNIFICADO, EFECTO Y LOS TERMINOS DE ESTE ACUERDO Y, SI ES NECESARIO, LOS MISMOS HAN SIDO TRADUCIDOS EN ESPANOL.

Dated: _12 - 09_, 2011

_____
RICARDO HERNANDEZ


STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )


On the _9_ day of _December_ in the year 2011 before me, the undersigned personally appeared Ricardo Hernandez, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

HOPE A. PORDY
Notary Public, State of New York
No. 02PO6227216
Qualified in New York County
Commission Expires Aug. 30, 2014

16

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT
HAVE BEEN FULLY EXPLAINED TO ME AND TRANSLATED INTO SPANISH, IF
NECESSARY.

YO AFIRMO QUE ME HAN EXPLICADO EL SIGNIFICADO, EFECTO Y LOS
TERMINOS DE ESTE ACUERDO Y, SI ES NECESARIO, LOS MISMOS HAN SIDO
TRADUCIDOS EN ESPANOL.

Dated: 12 - 09 - , 2011

ALBERTO PACHECO

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )


On the 9 day of December in the year 2011 before me, the undersigned
personally appeared Alberto Pacheco, personally known to me or proved to me on the basis of
satisfactory evidence to be the individual whose name is subscribed to the within instrument and
acknowledged to me that he executed the same in his capacity, and that by his signature on the
instrument, the individual, or the person upon behalf which the individual acted, executed the
instrument.

Signature and Office of individual
taking acknowledgment

HOPE A. PORDY
Notary Public, State of New York
No. 02PO6227216
Qualified in New York County
Commission Expires Aug. 30, 2014

17

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME AND TRANSLATED INTO SPANISH, IF NECESSARY.

YO AFIRMO QUE ME HAN EXPLICADO EL SIGNIFICADO, EFECTO Y LOS TERMINOS DE ESTE ACUERDO Y, SI ES NECESARIO, LOS MISMOS HAN SIDO TRADUCIDOS EN ESPANOL.

Dated:   09 - 12 , 2011

OSCAR SEVILLA

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK  )


On the 09 day of __12__ in the year 2011 before me, the undersigned personally appeared Oscar Sevilla, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

Signature and Office of individual
taking acknowledgment

HOPE A. PORDY
Notary Public, State of New York
No. 02PO6227216
Qualified in New York County
Commission Expires Aug. 30, 2014

18

YO AFIRMO QUE ME HAN EXPLICADO EL SIGNIFICADO, EFECTO Y LOS TÉRMINOS DE ESTE ACUERDO Y, SI ES NECESARIO, LOS MISMOS HAN SIDO TRADUCIDOS EN ESPAÑOL.

YO AFIRMO QUE ME HAN EXPLICADO EL SIGNIFICADO, EFECTO Y LOS TÉRMINOS DE ESTE ACUERDO Y, SI ES NECESARIO, LOS MISMOS HAN SIDO TRADUCIDOS EN ESPAÑOL.

FECHADO: **4 de enero** 2011

JORGE MEDINA

ESTADO DE NUEVA YORK   )
                       )  ss:
CONDADO DE NUEVA YORK  )

Hoy día **4** de **enero** en el año 201**1** el suscrito Jorge Medina  personalmente se presentó ante mi y a quien conozco personalmente o quien me probo con evidencia satisfactoria que es la persona cuyo nombre aparece firmando el documento y reconoció que firmó el mismo en su capacidad y que por su firma en el documento, el individuo o la persona a nombre de la cual actuó el individuo  firmó el instrumento.

Firma y Cargo de la persona
que recibe la aceptación

SANDRA GIOVANNA RIVERO PASTOR NOTARIO PUBLICO NUMERO 1 DE ESTE DISTRITO JUDICIAL, HAGO CONSTAR QUE LAS **2** COPIAS FOTOSTATICAS QUE ANTECEDEN, CONCUERDAN FIELMENTE CON SUS ORIGINALES QUE HE TENIDO A LA VISTA EN TODAS Y CADA UNA DE SUS PARTES, Y A SOLICITUD DEL INTERESADO EXTIENDO LA PRESENTE RAZON DE CERTIFICACION, EN LA HEROICA CIUDAD DE PUEBLA DE ZARAGOZA A LOS **Cuatro** DIAS DEL MES DE **Enero** DEL AÑO **2013** . DOY FE.



ABOG. SANDRA GIOVANNA RIVERO PASTOR
NOTARIO PUBLICO No. 1
DISTRITO JUDICIAL DE
PUEBLA, PUE.



19

LENNY'S 74th STREET LLC

Dated: 11/18, 2011          By: _____
                                SEI HOON LENNY CHU

Dated: 11/18, 2011          By: _____
                                SEI HOON LENNY CHU

Dated: _____, 2011       By: _____
                                BRIAN CHU

Dated: _____, 2011       By: _____
                                ADRIAN LUNA

Dated: _____, 2011       By: _____
                                JUAN CUAUTLE

Dated: _____, 2011       By: _____
                                FRANCISCO GUZMAN

Dated: _____, 2011       By: _____
                                RICARDO HERNANDEZ

Dated: _____, 2011       By: _____
                                ALBERTO PACHECO

Dated: _____, 2011       By: _____
                                OSCAR SEVILLA

Dated: _____, 2011       By: _____
                                JORGE MEDINA

LENNY'S 74th STREET LLC

Dated: _____, 2011

By: _____
SEI HOON LENNY CHU

Dated: _____, 2011

By: _____
SEI HOON LENNY CHU

Dated: 1/18, 2011

By: _____
BRIAN CHU

Dated: _____, 2011

By: _____
ADRIAN LUNA

Dated: _____, 2011

By: _____
JUAN CUAUTLE

Dated: _____, 2011

By: _____
FRANCISCO GUZMAN

Dated: _____, 2011

By: _____
RICARDO HERNANDEZ

Dated: _____, 2011

By: _____
ALBERTO PACHECO

Dated: _____, 2011

By: _____
OSCAR SEVILLA

Dated: _____, 2011

By: _____
JORGE MEDINA

20

LENNY'S 74th STREET LLC

Dated: _____, 2011          By: _____
                                      SEI HOON LENNY CHU

Dated: _____, 2011          By: _____
                                      SEI HOON LENNY CHU

Dated: _____, 2011          By: _____
                                      BRIAN CHU

Dated: 11/21, 2011               By: _____
                                      ADRIAN LUNA

Dated: 11/18, 2011               By: _____
                                      JUAN CUAUTLE

Dated: _____, 2011          By: _____
                                      FRANCISCO GUZMAN

Dated: _____, 2011          By: _____
                                      RICARDO HERNANDEZ

Dated: _____, 2011          By: _____
                                      ALBERTO PACHECO

Dated: _____, 2011          By: _____
                                      OSCAR SEVILLA

Dated: _____, 2011          By: _____
                                      JORGE MEDINA

20

LENNY'S 74th STREET LLC

Dated: _____, 2011          By: _____
                                      SEI HOON LENNY CHU

Dated: _____, 2011          By: _____
                                      SEI HOON LENNY CHU

Dated: _____, 2011          By: _____
                                      BRIAN CHU

Dated: _____, 2011          By: _____
                                      ADRIAN LUNA

Dated: _____, 2011          By: _____
                                      JUAN CUAUTLE

Dated: 12-09, 2011               By: _____
                                      FRANCISCO GUZMAN

Dated: 12-09, 2011               By: _____
                                      RICARDO HERNANDEZ

Dated: 12-09-, 2011              By: _____
                                      ALBERTO PACHECO

Dated: 12-09, 2011               By: _____
                                      OSCAR SEVILLA

Dated: _____, 2011          By: _____
                                      JORGE MEDINA

20

LENNY'S 74ᵗʰ STREET LLC

Fechado: _____, 2011        Por:_____
                                      SEI HOON LENNY CHU

Fechado: _____, 2011        Por:_____
                                      SEI HOON LENNY CHU

Fechado: _____, 2011        Por_____
                                      BRIAN CHU

Fechado: _____, 2011        Por:_____
                                      ADRIAN LUNA

Fechado: _____, 2011        Por:_____
                                      JUAN CUAUTLE

Fechado: _____, 2011        Por:_____
                                      FRANCISCO GUZMAN

Fechado: _____, 2011        Por:_____
                                      RICARDO HERNÁNDEZ

Fechado: _____, 2011        Por:_____
                                      ALBERTO PACHECO

Fechado: _____, 2011        Por:_____
                                      OSCAR SEVILLA

Fechado: _____, 2011        Por:_____
                                      JORGE MEDINA

ABOG. SANDRA GIOVANNA RIVERO PASTOR
NOTARIO PUBLICO No. 1
DISTRITO JUDICIAL DE
PUEBLA, PUE.

20

# EXHIBIT "A"

EXHIBIT A

| | 30 Days From Court Approval | | Jan-12 | Mar-12 | Jun-12 | Sep-12 | Dec-12 | Mar-13 | Jun-13 | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| Guzman | | | | | | | | | | |
| 40% Back Wages | | | | $ 5,318.86 | $ 5,000.00 | $ 4,873.55 | | | | |
| 60% Liquidated Damages + Interest | | | | $ 7,978.28 | $ 7,500.00 | $ 7,310.32 | | | | |
| Total: | | | | $ 13,297.14 | $ 12,500.00 | $ 12,183.87 | | | | $ 37,981.01 |
| Hernandez | | | | | | | | | | |
| 40% Back Wages | | | | $ 5,318.86 | $ 5,000.00 | $ 5,126.45 | $ 2,600.00 | | | |
| 60% Liquidated Damages + Interest | | | | $ 7,978.28 | $ 7,500.00 | $ 7,689.68 | $ 3,900.00 | | | |
| Total: | | | | $ 13,297.14 | $ 12,500.00 | $ 12,816.13 | $ 6,500.00 | | | $ 45,113.27 |
| Pacheco | | | | | | | | | | |
| 40% Back Wages | $ 3,374.95 | | | | | | | | | |
| 60% Liquidated Damages + Interest | $ 5,062.43 | | | | | | | | | |
| Total: | $ 8,437.38 | | | | | | | | | $ 8,437.38 |
| Sevilla | | | | | | | | | | |
| 40% Back Wages | | | $ 9,721.93 | | | | | | | |
| 60% Liquidated Damages + Interest | | | $ 14,582.89 | | | | | | | |
| | | | $ 24,304.82 | | | | | | | $ 24,304.82 |
| Medina | | | | | | | | | | |
| 40% Back Wages | $ 6,265.41 | | | | | | | | | |
| 60% Liquidated Damages + Interest | $ 9,398.11 | | | | | | | | | |
| Total: | $ 15,663.52 | | | | | | | | | $ 15,663.52 |
| Attorney Fees | | | | | | | $ 18,500.00 | $ 25,000.00 | $ 25,000.00 | $ 68,500.00 |
| | | | | | | | | | Grand Total: | $ 200,000.00 |

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO GUZMAN, RICARDO
HERNANDEZ, ALBERTO PACHECO, OSCAR
SEVILLA, and JORGE MEDINA,

                    Plaintiffs,

                                            Case No. 10-CV-08290 (NRB)

        -against-

LENNY'S 74TH STREET LLC, SEI HOON
LENNY CHU, BRIAN CHU, ADRIAN LUNA,
JUAN CUAUTLE,

                    Defendants.

## STIPULATION AND ORDER OF DISMISSAL

        This Court, having considered and inspected the Negotiated Settlement

Agreement between the Parties in the above-captioned action, IT IS HEREBY ORDERED that:

(1) the settlement is approved; and (2) the above captioned action is hereby dismissed in its

entirety, with prejudice.

SPIVAK LIPTON LLP                          JACKSON LEWIS LLP
*Attorneys for Plaintiffs*                 *Attorneys for Defendants*
1700 Broadway, 21st Floor                  666 Third Avenue, 29th Floor
New York, New York 10019                   New York, New York 10017
(212) 765-2100                             (212) 545-4000

By: _____               By: _____
    Hope Pordy                                 Felice B. Ekelman
    Yvonne L. Brown                            Jason A. Zoldessy

Dated: _____            Dated: 1|10|12

SO ORDERED on this _____ day of January, 2012

_____
Hon. Naomi Reice Buchwald
United States District Judge